*This opinion is subject to revision before final
publication in the Pacific Reporter*

**2017 UT 32**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT and
FRIENDS OF GREAT SALT LAKE,
*Petitioners,*

*v.*

EXECUTIVE DIRECTOR OF THE UTAH DEPARTMENT
OF ENVIRONMENTAL QUALITY and the
DIRECTOR OF THE UTAH DIVISION OF AIR QUALITY,
in their official capacity, the
UTAH DEPARTMENT OF ENVIRONMENTAL QUALITY,
the UTAH DIVISION OF AIR QUALITY, and
HOLLY REFINING & MARKETING COMPANY — WOODS CROSS LLC,
*Respondents.*

No. 20150344
Filed June 19, 2017

On Petition for Review of Final Agency Action

Attorneys:

Joro Walker, Charles R. Dubuc, Jr., Salt Lake City, for petitioners
Utah Physicians for a Healthy Environment
and Friends of Great Salt Lake

Sean D. Reyes, Att'y Gen., Christian C. Stephens, Craig W.
Anderson, Marina V. Thomas, Asst. Att'ys Gen., Salt Lake City,
for respondents Utah Department of Environmental Quality and
Utah Division of Air Quality

Steven J. Christiansen, David C. Reymann, Cheylynn Hayman,
Megan J. Houdeshel, Salt Lake City, for respondent Holly
Refining & Marketing Company — Woods Cross LLC

ASSOCIATE CHIEF JUSTICE LEE authored the opinion of the Court, in
which CHIEF JUSTICE DURRANT, JUSTICE HIMONAS, and JUDGE ORME
joined.

JUSTICE DURHAM filed a dissenting opinion.

Having recused himself, JUSTICE PEARCE does not participate herein; COURT OF APPEALS JUDGE GREGORY K. ORME sat.

---

ASSOCIATE CHIEF JUSTICE LEE, opinion of the Court:

¶1    This case presents a question parallel to that resolved in *Utah Physicians for a Healthy Environment v. Executive Director of the Utah Department of Environmental Quality*, 2016 UT 49, 391 P.3d 148 ("*Utah Physicians I*"). In both cases the Director of the Utah Division of Air Quality approved a permit for a new project at an oil refinery. And in both cases the Executive Director of the Utah Department of Environmental Quality entered a final agency action adopting the findings and conclusions of an Administrative Law Judge and affirming the issuance of the permit. In both cases, moreover, petitioners Utah Physicians for a Healthy Environment (and others) sought to challenge the Executive Director's final action in a judicial proceeding.

¶2    In *Utah Physicians I*, we dismissed the petition for judicial review of the Executive Director's final action. We did so because the petitioners formally sought to challenge the "Executive Director's final order" but failed to "actually address the alleged errors in the Executive Director's final order in their opening brief." *Id.* ¶ 18 (citing UTAH CODE § 63G-4-403). Thus, we emphasized that our "jurisdiction is restricted by statute to a review of the Executive Director's" final action. *Id*. ¶ 2. And because petitioners "altogether failed to address their opening brief and arguments to the final order," but "opt[ed] instead to attack only the sufficiency of the" initial permitting decision of the Director of the Division of Air Quality, we dismissed the petition on procedural grounds. *Id*. We held, specifically, that petitioners had failed to carry their "burden of persuasion" because they nowhere identified "specific parts of the Executive Director's final order they believed were incorrect," thus "dump[ing] the burden of argument and research" on the court. *Id*. ¶ 19 (quoting *State v. Green*, 2004 UT 76, ¶ 13, 99 P.3d 820).

¶3    The same problems are evident here. As in *Utah Physicians I* the petitioners here are formally challenging the final action of the Executive Director. But petitioners take the same fatal tack in their briefing—they direct their arguments to the initial permitting decision of the Director of the Division of Air Quality, and fail to

identify "specific parts of the Executive Director's" final action challenged on appeal. *Id.*

¶4 There is a lone reference to the Executive Director's decision in the argument section of petitioner's opening brief—at page 46, where petitioners criticize the Executive Director's characterization of the "emission modeling analysis" used by Holly Refining and Marketing. But even on this point the petitioners fail to carry their burden. They criticize the Executive Director's assessment of Holly's emission modeling analysis within her short-term air quality analysis. Yet they make no effort to explain how that error threatens the viability of the Executive Director's final agency action. They instead use the criticism to further demonstrate the purported flaws of the Director's short-term air quality analysis within the original permitting decision.

¶5 This is insufficient under *Utah Physicians I*. That decision requires petitioners to carry the burden of identifying reversible errors in the final action of the Executive Director—and of setting forth grounds in the record facts or law for overturning that final action. It is not enough for petitioners to direct their ire at the Director's initial permitting decision, leaving the "burden of argument and research" on the court.

¶6 The *Utah Physicians I* decision was handed down after the briefing but before the oral argument in this case. When respondents cited that decision in a letter submitted under Utah Rule of Appellate Procedure 24(j), petitioners offered no plausible ground for distinguishing that decision. They effectively asked us to reverse our position in *Utah Physicians I* and to adopt the position of the dissent in that case instead. *See Id.* ¶¶ 51–64 (Durham, J., dissenting) (asserting that the court should not disregard arguments "that directly challenge[] the decision of the fact-finder rather than the reasoning of an intermediate appellate body" because the intermediate appellate body's decision is potentially persuasive at best). This we decline to do.

¶7 We reaffirm our decision in *Utah Physicians I*. And we dismiss the petition for review in this case for reasons set forth in our decision in that case.

---

JUSTICE DURHAM, dissenting:

¶8    For the reasons set forth in my dissenting opinion in *Utah Physicians for a Healthy Environment v. Executive Director of the Department of Environmental Quality*, 2016 UT 49, 391 P.3d 148, I dissent.